IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **AMENDED ORDER GRANTING MOTION** |
| ) | **FOR RELEASE** |
| vs. ) | |
| ) | |
| Vicki Lee Sherven, ) | Case No. 1:25-cr-066 |
| ) | |
| Defendant. ) | |

Following a detention hearing on April 3, 2025, finding that Defendant had not presented sufficient evidence to rebut the presumption of detention and that the 18 U.S.C. § 3142(g) factors otherwise weighed in favor of detention, the court detained Defendant pending further order. (Doc. No. 72). It also placed Defendant's name on the waiting list for a residential reentry placement. (Id.).

On motion by Defendant, the court issued orders on April 7, May 8, and May 14, 2025, furloughing Defendant so that she could attend scheduled medical appointments. (Doc. Nos. 84, 113, and 122).

On June 9, 2025, Defendant filed a Motion for Release from Custody. (Doc. No. 127). Advising that she had secured a placement at the Prairie Recovery Center ("PRC"), she requests to be released to Michael Grove on June 11, 2025, for transport to PRC so that she can participate in PRC's inpatient treatment program. (Id.).

There being no objection from the United States, the court **GRANTS** Defendant's motion (Doc. No. 127). Defendant shall be released to Michael Grove or other persons(s) approved by the Pretrial Services Officer no earlier than 11:00 AM on June 11, 2025, for transport to PRC.

1

Defendant's release shall be subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to the State of North Dakota.

(4) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(5) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(7) Defendant shall reside at PRC, fully participate in its treatment program, and comply with all of its rules and regulations.

(8) Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(9) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain

information from PRC OR to communicate with PRC about her progress there.

Any passes allowed by PRC must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from PRC's treatment program, Defendant must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of her anticipated completion date so the court may schedule a hearing to review the defendant's release status.

If Defendant successfully completes the treatment program, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living home.

(10) Defendant shall submit her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of Defendant's release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11) Defendant shall not obtain a passport and other foreign travel document(s).

(12) Defendant must report as soon as possible, to the Probation Office or her supervising Probation Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant cannot be transported to PRC on June 11, 2025, she shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
