**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Vicki Lee Sherven,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER**<br><br><br><br>Case No. 1:25-cr-066 |

---

Defendant Vicki Lee Sherven ("Sherven") is charged in a superseding indictment with one count of conspiracy to distribute and possess with intent to distribute controlled substances (Count One), two count of possession with intent to distribute controlled substances (Counts Four and Five), and one count of possession of a firearm and ammunition by a prohibited person (Count Six). (Doc. No. 104). Following a detention hearing on April 3, 2025, finding that Sherven had not presented sufficient evidence to rebut the presumption of detention and that the 18 U.S.C. § 3142(g) factors otherwise weighed in favor of detention, the court detained Sherven and placed Sherven's name on the waiting list for a residential reentry placement. (Doc. No. 72).

On motion by Sherven, the court issued orders on April 7, May 8, and May 14, 2025, furloughing Sherven so that she could attend scheduled medical appointments. (Doc. Nos. 84, 113, and 122).

On motion by Sherven, the court issued an order on June 10, 2025, that conditionally released Sherven to the Prairie Recovery Center for treatment. (Doc. No. 129). On July 24, 2025, the court issued an order amending Sherven's release conditions to permit her to transition to and reside at her home in Minot. (Doc. No. 131).

On November 7, 2025, the Pretrial Services Officer filed a petition with the court that (1) alleged Sherven had tested positive for controlled substances on multiple occasions in violation of her release conditions, (2) advised that Sherven had recently entered an inpatient treatment program at Providence House, and (3) recommended amendments to Sherven's release conditions to require she complete treatment at Providence House and thereafter transition to a sober living facility. (Doc. No. 156).

The court adopted the Pretrial Services Officer's recommendation and amended Sherven's release conditions to: (1) include the requirement that Sherven reside at Providence House and participate in inpatient treatment programming: (2) authorize the Pretrial Services Officer to approve Sherven's transition to a sober living home if Sherven successfully completed the treatment programming; and (3) direct Sherven to immediately surrender to the custody of the United States Marshal if terminated from the sober living home for any reason. (*Id.*).

Sometime thereafter Sherven completed Providence House's treatment programming and was authorized by the Pretrial Services Officer to transition to and reside at The Sanctuary, a sober living facility in Minot, North Dakota.

On May 21, 2026, Sherven filed a Motion to Suppress Evidence and Dismiss Indictment. (Doc. No. 193).

On July 31, 2026, the Pretrial Services Office filed a status report advising that The Sanctuary had terminated Sherven's residency on July 30, 2026, and that Sherven had surrendered to the custody of the United States Marshal on July 31, 2026. (Doc. No. 239). Consequently, the court issued an order on July 31, 2026, remanding Sherven to the custody of the Attorney General or designated representative. (Doc. No. 240).

On August 17, 2026, Sherven filed a Motion for Release and Request for Expedited Review of Outstanding Motion. (Doc. 241). Therein she requests an expedited review of her Motion to Suppress Evidence and Dismiss Indictment. She further requests to be released to a private residence pending final disposition of her case. She intimates that, while previously on release, her supervising Pretrial Services Officer was less than supportive and, following the termination of her residence at The Sanctuary, provided limited information to her and counsel regarding her termination. She further avers that The Sanctuary was less than forthcoming when contacted by counsel to inquire about her progress at its facility and its basis for terminating her residency. Finally, she questions why the court did not convene a hearing as a matter of course following the termination of her residence at The Sanctuary.[1]

No hearing was scheduled as a matter of course following Sherven's surrender on July 31, 2026, as no petition was filed alleging Sherven had violated her release conditions or otherwise seeking action on Sherven's release conditions. The record reflects that Sherven surrendered to the custody of the United States Marshal in compliance with the directive imposed by the court when previously modifying Sherven's release conditions. It is not entirely clear what purpose a hearing would have served as Sherven had acted in compliance with her conditions of release requiring her to surrender to of the United States Marshal if terminated from The Sanctuary *for any reason*. While

[1] Sherven references what she perceives as an inconsistency between the process or lack thereof she has been afforded and the process afforded to Trey Sartwell ("Sartwell"), a defendant for whom the court convened an immediate hearing following his termination from a facility to which he had been conditionally released. Sherven's and Sartwell's circumstances are not comparable, however. Unlike Sherven, Sartwell's release conditions did not include the directive that he immediately surrender to the custody of the United States Marshal if terminated from the facility to which he had been conditionally released. *See United States v. Sartwell*, Case No. 1:20-cr-068 (D.N.D.) at Doc. No. 571. Unlike Sherven, Sartwell was charged in a petition with violating his conditions of release. *Id.* at 604. Unlike Sherven, a warrant for Sartwell's arrest was issued. *Id.* at Doc. No. 605. Unlike Sherven, Sartwell did not surrender to the custody of the United States Marshal but was arrested by the United States Marshal in Raleigh, North Dakota. *Id.* at Doc. No. 610.

Sherven takes issue with the basis or putative lack thereof for The Sanctuary's termination of her residency, the court cannot compel The Sanctuary, or any other sober living facility for that matter, to accept and house her.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Consequently, to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained.

The court does not consider the availability of a private residence for Sherven to be new, material information bearing on the issue of detention. At the detention hearing on April 3, 2025, Defendant requested to be released to a private residence while she explored her treatment options. The court concluded that release to such a residence did not rebut the presumption of detention in this case and was not otherwise a viable alternative to detention as it would not provide the level of structure, security, and supervision required given her criminal history, lack of resources to support independent living, and history of non-compliance with court-ordered release conditions. When the court later permitted Defendant to return to her home, Defendant apparently tested positive on multiple occasions for controlled substances. Consequently, the court is unconvinced that release to a private residence will reasonably assure the safety of the community or Defendant's sober appearance at future proceedings. Accordingly, Defendant's motion for release (Doc. No. 241) is

**DENIED**. Defendant's name shall be again added to the waiting list for a residential reentry placement. Should Defendant secure a placement in an inpatient treatment program or sober living facility, she can file a motion to revisit the issue of detention.

As for Plaintiff's request to expedite consideration of her Motion to Suppress and to Dismiss Indictment (Doc. No. 241), the court deems it **MOOT** as a hearing on this matter has been scheduled for September 24, 2026. (Doc. No. 242).

**IT IS SO ORDERED.**

Dated this 19th day of August, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court