IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VICKI LEE SHERVEN,<br>Defendant. | Case No. 1:25-cr-066-05<br>**UNITED STATES' POST-HEARING BRIEF** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, submits this Post-Hearing Brief following the hearing on Defendant's Motion to Suppress Evidence and to Dismiss Indictment. The Government presented three witnesses at the hearing and submitted two exhibits, both body camera recordings, from Bismarck Police Officers Remington Timothy and Garner Jones.[1] Based upon the record before the Court, the United States requests the Court deny the Defendant's motions in all respects.

The issues before the Court related to the traffic stop are twofold: (i) did Officer Timothy impermissibly extend the duration of the traffic stop of the motor vehicle in which Sherven was a passenger; and (ii) did the officers on scene collectively have probable cause to search the vehicle for evidence of crime. Here, Officer Timothy did not impermissibly extend the duration of the traffic stop. Based upon the odor of marijuana

[1] The recording from Officer Timothy's body camera was previously submitted by the Defendant with her original motion.

and Sherven's criminal history, Officer Timothy had reasonable suspicion to believe criminal activity was occurring and/or had occurred and was thus justified in prolonging the detention of the occupants of the vehicle to further investigate that odor. That reasonable suspicion also justified Officer Timothy's request for the occupants to exit the vehicle so he could speak with them individually about the odor. Officer Timothy determined the odor was, in fact, coming from the vehicle, and not elsewhere. That odor, coupled with the possession of a marijuana joint by the driver of the vehicle, after he had denied smoking any marijuana that night and which he attempted to conceal by discarding it immediately prior to the search, and Sherven's criminal history, provided probable cause to search the vehicle for contraband and evidence of crime.

The initial traffic violation is not contested by Sherven, and she has therefore waived any argument that it was not a valid and permissible reason to stop the motor vehicle. She argues, instead, that Officer Timothy impermissibly extended the duration of the traffic stop because he allegedly could not determine that the odor of marijuana was coming from the motor vehicle. However, Sherven's arguments overstate the level of proof necessary for reasonable suspicion permitting continued detention of the vehicle's occupants. Reasonable suspicion "is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." Navarette v. California, 572 U.S. 393, 397 (2014). Thus, the presence of the odor of marijuana outside the open driver's side window provided reasonable suspicion to detain the occupants of the vehicle beyond the routine processes of the traffic stop.

The law in this area is clear. An officer may detain the occupants of a vehicle during a traffic stop while the officer completes a number of routine but somewhat time-consuming tasks related to the traffic violation, including running a computerized check of the vehicle's registration and insurance; running a similar check of the occupants' identification documents and criminal history; preparing the traffic citation or warning; and asking the occupants about destination, route, and purpose. United States v. Murillo-Salgado, 854 F.3d 407, 415 (8th Cir. 2017).

Officer Timothy began these processes following his initial interaction with the driver (Joseph Freeman) and Ms. Sherven. While Sherven raised questions at the hearing why Officer Timothy was reviewing Ms. Sherven's criminal history record and what he observed during this time, Officer Timothy's inquiry into these matters was entirely appropriate and authorized as part of the routine traffic stop. Furthermore, Officer Timothy's discovery of Ms. Sherven's prior history of drug possession and trafficking conduct (see Doc. 199-5, Government Exhibit 5 to Response to Motion to Suppress) was highly relevant to Officer Timothy's reasonable suspicion and probable cause determinations. See United States v. Vittetoe, 86 F.4th 1200, 1203 (officers may consider the known criminal history of a suspect in conducting the probable cause analysis).

The recordings submitted to the Court clearly show that Officer Timothy[2] smelled the odor of marijuana when he was standing by the open driver's side window, and no

[2] Officer Timothy testified that he was trained in detecting the odor of controlled substances, including marijuana, and had seized marijuana and other drugs on multiple occasions prior to this traffic stop. Sherven has not challenged Officer Timothy's training and experience in this regard.

where else, corroborating his conclusion that the odor was emanating from the motor vehicle. Although Defendant questioned why he did not comment about the odor during his initial interaction with the occupants at the driver's door, Officer Timothy did comment about the odor immediately thereafter to Officer Glatt when he arrived, demonstrating that Officer Timothy had, in fact, smelled the odor. To that end, Officer Timothy asked Officer Glatt to check on the vehicle insurance with the occupants and when doing to see whether Officer Glatt could smell an odor. Had Officer Timothy not smelled any odor, there would be no reason for him to make such a request of Officer Glatt.

Although Officer Glatt returned after speaking with the occupants and reported to Officer Timothy that he did not smell an odor of marijuana,[3] that does not mean Officer Timothy did not smell that odor or that the odor was not one he could further investigate. As the Government noted in its original response to the motion, when an officer smells the odor of marijuana as he approaches a stopped motor vehicle, he has ample justification to extend the traffic stop. United States v. Virrueta, 121 F.4th 706, 710 (8th Cir. 2024); United States v. Binion, 570 F.3d 1034, 1039 (8th Cir. 2009); United States v. Smith, 789 F.3d 923, 928 (8th Cir. 2015) (even the faint smell of marijuana alone is sufficient for reasonable suspicion).

[3] Officer Glatt acknowledged he did not smell marijuana anywhere else in the neighborhood. He also acknowledged he later did smell the odor of marijuana while searching the motor vehicle, corroborating Officer Timothy's statements that he could smell the odor of marijuana and could smell it coming from the motor vehicle.

Here, Officer Timothy reapproached the driver's door after Ms. Sherven exited the vehicle and after he had a short discussion with her about locating the proof of insurance. At the time he did so, Officer Timothy had yet to write the citations he intended to issue and neither occupant had yet produced any proof of insurance, despite Officer Timothy giving them ample time to do so. Thus, the purpose of the stop was not yet complete. At the time Officer Timothy explained he would be issuing citations, he told the occupants he could smell the odor of marijuana while standing by the open driver's side window and inquired whether either occupant had been smoking marijuana. This again demonstrates that Officer Timothy did, in fact, smell the odor of marijuana and smelled it at that location, and not otherwise.

When Officer Timothy returned to his patrol car to issue the citations, he immediately radioed for Sgt. Garner Jones to come to the traffic stop, intending to have Sgt. Jones utilize his narcotics detection canine. Again, this corroborates that Officer Timothy did, in fact, smell the odor of marijuana and smelled the same at or near the motor vehicle. At this time, the purpose of the traffic stop was not complete (as the citations had not yet been issued, nor had either occupant produced any proof of insurance), and Officer Timothy also had reasonable suspicion to further detain the vehicle's occupants due to the odor of marijuana and Sherven's criminal history.

Once Sgt. Jones arrived, he and Officer Timonthy discussed the stop and the odor of marijuana. As Officer Timonthy explained, his conversation with Sgt. Jones reframed the issue in his mind and clarified to him that the only location he had smelled the odor

was while he was standing by the open driver's door window, and he thus came to the conclusion that the odor was, in fact, coming from the vehicle and not elsewhere.

Sgt. Jones suggested Officer Timothy have both occupants exit the vehicle and speak with them. In doing so, Officer Timothy did not impermissibly extend the duration of the traffic stop. First, an officer may order the occupants (driver and passengers) to exit the vehicle during the stop. Pennsylvania v. Mimms, 434 U.S. 106, 111, n. 6 (1977); Maryland v. Wilson, 519 U.S. 408, 415 (1997). This is a routine part of any traffic stop and is permissible. Second, by this time, Officer Timothy had not only reasonable suspicion but probable cause to believe the motor vehicle contained evidence of crime based upon the odor of marijuana.

Officer Timothy had Mr. Freeman and Ms. Sherven each exit the vehicle and then discussed with them individually the odor of marijuana that he smelled. Each denied smoking marijuana, but each also acknowledged recently being present with others who were smoking marijuana. These statements again corroborated the fact that Officer Timonthy was smelling an odor of marijuana and that the odor was coming from within the motor vehicle.

Following these conversations, Officer Timothy decided he would be searching the motor vehicle based upon the totality of the circumstances, including the odor of marijuana that he determined was coming from the vehicle. Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a "fair probability" that contraband or evidence of crime would be found in a particular place. Vittetoe, 86 F.4th at 1203. The odor of marijuana coming from the vehicle provided

probable cause to search the vehicle. United States v. Williams, 955 F.3d 734, 737 (8th Cir. 2020); United States v. Tate, 139 F.4th 678, 682 (8th Cir. 2025).

However, before that search commenced, and before either Officer Timothy or Officer Glatt opened the doors to the vehicle, Mr. Freeman discarded onto the ground a marijuana joint that he had been concealing in his hand and/or pocket, which Sgt. Jones reacted to and noted.[4] Freeman's possession of the marijuana joint contradicted he and Sherven's denials that they did not have marijuana inside the vehicle and their denials that they had not been smoking marijuana. Officers Timothy and Glatt returned to the area where Freeman was being detained, where Officer Glatt retrieved the marijuana joint and later showed it to Officer Timothy before any search of the vehicle thereafter commenced. The warrantless search of a vehicle is constitutional pursuant to the automobile exception if law enforcement has probable cause to believe the vehicle contains contraband or other evidence of a crime before the search begins. United States v. Nolen, 536 F.3d 834, 839 (8th Cir. 2008).

Whether probable cause exists is determined from the totality of the circumstances known by the collective team of officers who are present when there is communication between those officers. United States v. Shackleford, 830 F.3d 751, 753 (8th Cir. 2016).

---

[4] The recording from Sgt. Jones's body camera clearly demonstrates that this action by Freeman and Sgt. Jones's reaction to the same occurred before the doors to the vehicle were opened by the other officers. The sound from Sgt. Jones's reaction to Freeman's actions can also be heard on the recording from Officer Timothy's body camera just as he is about to open the driver's door.

The testimony before the Court and the recordings from the body cameras definitively demonstrate there was communication between the officers in this case.

Thus, even if the Court has questions or concerns whether Officer Timothy smelled the odor of marijuana coming from the vehicle itself before the search, Freeman's possession of marijuana and his efforts to discard the same, coupled with Sherven's criminal history of drug possession and trafficking, and the presence of an odor of marijuana at or near the driver's side window of the motor vehicle as noted by Officer Timothy in totality provided probable cause to search the vehicle. See, e.g., United States v. Englehart, 811 F.3d 1034, 1042 (8th Cir. 2016) (defendant's admission that he had a little bit of personal use marijuana in his vehicle provided probable cause to search vehicle); United States v. Daniel, 809 F.3d 447, 449 (8th Cir. 2016) (probable cause exists based, in part, on officers recovering a baggie of drugs discarded by vehicle occupant); United States v. Caves, 890 F.2d 87, 91 (8th Cir. 1989) (odor of burnt marijuana on driver while he sat in squad car provided probable cause to search vehicle even though officer did not smell marijuana coming from vehicle).

As the subsequent search of the motor vehicle was constitutionally valid, Defendant's statements to law enforcement subsequent to her arrest are not fruit of the poisoness tree and are also admissible at trial.

Should the Court suppress the evidence seized during the search of the motor vehicle, the United States requests the Court identify what portions, if any, of the encounter between Officer Timothy and the Defendant may yet be admissible into evidence at trial, as portions of the encounter are yet relevant to the conspiracy charge

alleged in Count One of the Indictment, and the Government may seek admission of that evidence otherwise at trial of this case.

**CONCLUSION**

Based upon the foregoing, the United States respectfully requests this Court deny the Defendant's Motion to Suppress Evidence and Motion to Dismiss in all respects.

Dated: September 23, 2026.

NICHOLAS W. CHASE
United States Attorney

By: /s/ *Rick L. Volk*
RICK L. VOLK
Assistant United States Attorney
ND Bar ID 04913
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
rick.volk@usdoj.gov
Attorney for United States